•Chief Justice Robertson,
delivered the opinion of the court.
Aaron Sharp administered on the chatties ■of Adam Sharp. The personal estate was very inconsiderable.
The administrator, having disposed of the whole of it, and made a settlement with the county court, died intestate. Afterwards, James Collins, who married a daughter of Adam Sharp, was appointed administrator, do bonis non. In that character, and as husband, he filed his bill in chancery, against the personal representatives of Aaron Sharp, and against the sureties in his official bond, claiming a deex-ee against them, for the estate, which had come to his hands, as administrator, and •praying also, for general relief.
The answers denied, that the hill contained sufficient grounds for the relief, which it sought.
The circuit court decreed to the complainant below* (defendant here,) against allthedefendanlshelow, (plaintiffs here,) $371 344 cents.
This is the whole amount supposed to he due from Aaron Sharp, as administrator, at the time of his death; and is composed of $54 55i cents, the balance ascertained to have been in the bands of Aaron Sharp, by tlie settlement in the county court, $50, the amount of a receipt charged to have been given by him to Phebe Sharp, $168 50 cents, the aggregate charged to have been received by him, for rents of land, belonging to the estate of Adam Shai-p* and $98 29 cents, for interest on the other items.
This decree is replete with eri’or, and therefore must be revei’sed.
The following are some of the most prominenterrors:
1st. As administrator de bonis non, the defendant had no right to any decree whatever. He had aright only, to so much of the personal estate of Adam Sharp, as remained unadministered by Aaron Sharp, It does not *50 appear, that any one article of property, wljich had ever belonged to Adam Sharp, remained in the hands of Aaron Sharp, at his death. His administration was full and complete, and had been settled; consequently, the plaintiffs are not responsible to the defendánt, in his character of administrator de bonis non, for one cent.
Jill of the dis-tributees are necessary parties to a bill for distribution.
Surities of administrator are not responsible for rents received by administrator.
Administrator is not chargeable with interest, until after a legal demand of his share by distribu-tee. But if administrator lias received interest, he will be accountable th erefor.
2d. As husband, the defendant would not be entitled to a decree for distribution, without making his wife a party. Her distributive interest would survive to her.
3d. And if the wife had been a party, the plaintiff would not have been entitled to the whole distributable fund. There is no direct evidence, that the wife of the - plaintiffwas not the only distributee; but the bill itself leaves scarcely any excuse for doubting, that there are other distributees. It alleges that, m consequence of his marriage, the plaintiff had become (‘one of the lawful heirs of Adam ShaipA The other heirs, being entitled to their distributive portions of the distributive fund, are necessary parties to a hill for distribution.
4th. The sureties of Aaron Sharp are not responsible for rents. They were hound only, for his faithful-administration of the personal estate. 'The law'will not charge them farther. -Nor is the defendant entitled to sue as administrator de bonis-non, for those rents, or any part of them. 'They are not unadministered assets of the estate of Adam Sharp. They accrued to the heirs, and to them belong.
5th. No sufficient reason appears for ■ charging interest. No demand is proved or alleged; nor is any delinquency attributable to Aaron Sharp, as the administrator of Adam Sharp. It is proved, that he borrowed mottcy,'whilst he had money of the estate of his intestate'inhis hands; and stated asa reason for doing so, that he'was unwilling to make use of funds, which belonged to others. One witness swears, that he borrowed from - Aaron Sharp some money, which he liad in his hands, as administrator. The amount borrowed is not stated ;nor does it appear, on what terms, or for wliat time itwasloaned. AaronSharp was responsible forwhaiever interest he received. But there is no fact in the record, which would justify a decree for more. The auditor, whose report is the basis of the decree, was allowed to take proof, hut was required to report it, when taken to the circuit court; we cannot, therefore, presume, that *51 any fact, justifying the charge, for interest, was proved before him, which does not appear in the record; Indeed, if such fact had been proved, the circuit court ought not to have regarded the report of the auditor,' farther than it was sustained by the proof reported.
Hanson and Bledsoe, for plaintiffs; Denny o.nd Triplett, for defendant..
6th. The charge of $50, the amount of the alleged receipt to Phebe Sharp, is not sustained by proof.
The settlement, made in the county court, has not been falsified, or surcharged.
The sureties of Aaron Sharp should not therefore be held responsible, without other proof, for more than the balance ascertained:- by the settlement, in the county court, with their principabas administrator; and, for even that sum, they could be charged, only in a suit properly brought, for distribution.
If Aaron Sharp received reñís, for which he never accounted, he was individually liable to the heirs of Adam Sharp, for the amount so received; and consequently, his personal-representatives would be responsible to the same extent, if the assets in their hands, unad-ministered according to law, be sufficient.
As the defendant has shown no right to any decree, in his official character, and failed, in his character of husband, to make the proper parties, his bill ought to have been dismissed, without prejudice.
It does not seem, that he filed his bill for distribution. His object was to get the whole estate into his own hands, as administrator de bonis non; and therefore, he should not be allowed now to amend it, as .a bill for distribution.
Decree reversed, and cause remanded, with instructions to dismiss the bill without prejudice.